IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, ) | |
| AIS No. 291560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-843-WKW-CWB |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Brent Jacoby filed this 42 U.S.C. § 1983 action on December 27, 2021 while incarcerated at the Easterling Correctional Facility in Clio, Alabama. (Doc. 1). After reviewing the Complaint and finding it deficient, the court entered an Order on March 15, 2022 to explain the deficiencies and provide Plaintiff with corrective instructions. (Doc. 4).

Plaintiff thereafter filed an Amended Complaint on June 9, 2022. (Doc. 11). Upon review, however, the court again found the allegations to be deficient for reasons addressed by Order dated July 11, 2022. (Doc. 14). Plaintiff was cautioned therein that his failure to correct all such deficiencies by July 25, 2022 would result in a Recommendation that the case be dismissed. (*Id*.). The court later granted multiple requests to extend that deadline—ultimately making the amendment due on or before September 1, 2022. (*See* Docs. 21 & 23). Nonetheless, Plaintiff failed to meet the extended deadline or otherwise address the remaining pleading deficiencies.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). Such authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v.*

*Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (where a litigant has been forewarned, dismissal for failure to obey a court order generally is not an abuse of discretion.). Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice.

It is further **ORDERED** that, by **October 27, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 13th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**