IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT WILLIAM JACOBY, AIS NO. 291560, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-843-WKW [WO] |
| COMMISSIONER JEFFERSON S. DUNN, WARDEN MONICA MCCOY, WARDEN CARTER, LT. PEAVY, CAPTAIN JOSEPH DANZEY, CAPTAIN JENKINS, LT. BOYD, LT. McCOVERY, OFFICER LOVEJOY, and OFFICER JERNIGAN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

On October 13, 2022, the Magistrate Judge entered a Recommendation that this action be dismissed without prejudice for Mr. Jacoby's failure to prosecute and comply with the court's orders to cure pleading deficiencies.  (Doc. # 26.)  The Recommendation provided the parties until October 27, 2022, to file written objections to the Recommendation.  On November 14, 2022, after that deadline had passed without receipt of any written objections, the court adopted the Magistrate Judge's Recommendation (Doc. # 29) and entered final judgment (Doc. # 30).

Before the court is Mr. Jacoby's Motion for Reconsideration to Dismissing My Claim (Doc. # 31), which is construed as a motion to vacate the final judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. While Rule 60(b)(6) is an "extraordinary remedy," it permits a court to vacate a judgment "to do justice." *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (citing *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).

To support his motion, Mr. Jacoby contends that, "around the 1st of October," he submitted an amended complaint and objections and "enclosed both documents in the same envelope and sent it to this court." (Doc. # 31 at 1.) He contends that "obviously someone stole [the envelope] or it was lost in the mail." (Doc. # 31 at 1.) These assertions do not warrant the extraordinary remedy of Rule 60(b)(6).

First, Mr. Jacoby's allegations that his mail was lost or stolen are vague, conclusory, and speculative. Second, Mr. Jacoby's assertion that he mailed objections around October 1 contradicts the timeline because the Recommendation was not filed until October 13. Third, even if Mr. Jacoby had submitted an amended complaint for filing to prison officials on October 1, it would have been untimely under the court's order that had granted him a sixth and final extension until September 1 to file an amended complaint. Fourth, Mr. Jacoby submitted a legal document to prison officials on October 1, but that document (Doc. # 27) does not

include an amended complaint or explain why he could not file a timely and curative amended complaint despite having been granted ample time to do so.

For the forgoing reasons, it is ORDERED that Mr. Jacoby's Rule 60(b)(6) motion to vacate the judgment (Doc. # 31) is DENIED.

DONE this 29th day of November, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE